IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GEORGE J. BEAUDET, JR., and BRIDGET BEAUDET, <br><br> Plaintiffs, <br><br> v. <br><br> STARBUCKS CORP., <br><br> Defendant. | Case No. 6:16-cv-01814-MK <br><br> ORDER |

MCSHANE, Judge:

Magistrate Judge Jolie A. Russo filed a Findings and Recommendation (ECF No. 46), and the matter is now before this Court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Plaintiffs filed objections to the Findings and Recommendation. Accordingly, I have reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I find no error and conclude the report is correct.

Plaintiff argues that Defendant's ongoing violation of § 4.1.6 of the Americans with Disabilities Act ("ADA") made the store subject to the 2014 Oregon Structural Security Code ("2014 Code"). Pl.'s Objs. 7–8, ECF No. 49. ADA § 4.1.6(1)(a) states that "[n]o alteration shall

1 –ORDER

be undertaken which decreases or has the effect of decreasing accessibility or usability of a building or facility below the requirements for new construction at the time of alteration." However, when the step was altered in 1997 the ADA only required that a store have one accessible route. 28 C.F.R. 36 App. D §§ 4.1.2(1), 4.1.3(1)(a). Because the store's front entrance was ADA accessible, Defendant's alteration of the side exit was not in violation of the ADA. Therefore, the store had no ongoing ADA violation that would subject it to the 2014 Code.

Judge Russo properly held that Defendant was subject to the 1996 Oregon Structural Security Code ("1996 Code"), which contains no analogous provisions to support Plaintiff's 2014 Code claims. As a result, Defendant is entitled to summary judgment for Plaintiff's 2014 Code claims.

Lastly, I concur with Judge Russo that Plaintiff's claims that Defendant violated § 4.1.6 of the ADA, § 3403.2 of the 1996 Code, and § 4.1.2(7)(c) of the ADA are not properly before this Court on summary judgment because they were made outside of the complaint.

Magistrate Judge Russo's Findings and Recommendation (ECF No. 46) is adopted in full. Defendant's motion for partial summary judgment (ECF No. 30) is GRANTED.

IT IS SO ORDERED.


DATED this 6~~5~~th day of November, 2018.


                                                    /s/ Michael J. McShane  
                                                    Michael J. McShane  
                                                  United States District Judge